IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA THOMAS,** | ) | **CIVIL ACTION NO.** 2:22-cv-1843 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BOARD OF EDUCATION OF THE THE SCHOOL DISTRICT OF PITTSBURGH,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## **COMPLAINT**

### I.   PRELIMINARY STATEMENT

Plaintiff, Debra Thomas, seeks lost wages and benefits, compensatory and punitive damages, costs, and attorney's fees because Defendant, Board of Education of the School District of Pittsburgh, discriminated against her because of disability, failed to accommodate her disability, and retaliated against her for her protected activity, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.  Additionally, Plaintiff seeks lost wages and benefits, compensatory damages, costs, and attorney's fees because Defendant discriminated against her because of disability, failed to accommodate her disability, and retaliated against her for her protected activity, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

1

## II.     JURISDICTION

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3. On May 16, 2022, Plaintiff filed a Charge of Discrimination with the EEOC against Defendant. On September 30, 2022, the EEOC issued a Notice of Right to Sue.[1]

## III.    PARTIES

4. Plaintiff, Debra Thomas, is an adult individual who resides at 821 Bellaire Avenue, Pittsburgh, PA 15226. At the time of the incidents complained of in this lawsuit and presently, she was and is a citizen of the Commonwealth of Pennsylvania and the United States of America.

5. Defendant, Board of Education of the School District of Pittsburgh, is headquartered at 341 South Bellefield Avenue, Pittsburgh, PA 15213.

## IV.    STATEMENT OF CLAIM

6. Ms. Thomas began her employment with Defendant in 2013 and worked as a Food Service Manager during the relevant time period.

7. On June 3, 2021, Ms. Thomas injured her back and neck at work while lifting 70-lb boxes of trash bags.

---

[1] Following the exhaustion of administrative remedies, Plaintiff intends to amend the Complaint to add additional counts under the Pennsylvania Human Relations Act.

2

8. At the time of Ms. Thomas's injury, she was working at Defendant's Manchester Academic Charter School.

9. Immediately after her injury, she began treating with steroid shots and physical therapy, and her doctor instructed her to be off work as she treated and recovered.

10. In November 2021, Ms. Thomas's doctor released her to return to work with a 35-lb lifting restriction.

11. On November 17, 2021, Ms. Thomas communicated this restriction to Curtistine Walker, Defendant's Director of Food Service.

12. Ms. Thomas also asked Ms. Walker if she could leave early or come in late in order to accommodate her physical therapy appointments.

13. In response, Ms. Walker instructed Ms. Thomas to return to work on November 18, 2021, and told Ms. Thomas to report to Beechwood Elementary School instead of Manchester Academic Charter School.

14. Ms. Walker told Ms. Thomas that she denied the request for schedule flexibility because Ms. Thomas's treatment had to continue on Ms. Thomas's own time.

15. Ms. Thomas followed Ms. Walker's direction and reported to Beechwood Elementary School on November 18, 2021.

16. Upon returning to work, Ms. Thomas realized that Defendant had failed to accommodate her lifting restrictions.

17. Though Defendant provided Ms. Thomas with an assistant to help with lifting around the kitchen, Ms. Thomas's assistant, Joyce Phillips, had her own 10-lb lifting restriction after suffering a heart attack in the cafeteria two years prior.

18. Upon learning of Ms. Phillips's lifting restriction, Ms. Thomas reached out to Ms. Walker and Lisa Reiner, Supervisor for Defendant, to express her concerns that Defendant failed to accommodate her.

19. In response, Ms. Walker denied knowing about Ms. Phillips's heart attack and lifting restrictions.

20. Ms. Thomas continued reporting to Beechwood Elementary School, and every day she encountered things in the kitchen that needed to be lifted that exceeded her, and Ms. Phillips's, lifting restrictions.

21. As a result, Ms. Thomas frequently had to lift more than her doctor had permitted, which caused her disability to worsen.

22. On December 21, 2021, Ms. Phillips retired.

23. On January 2, 2021, when Ms. Thomas returned to work at Beechwood School after the holiday break, she worked with no assistant.

24. Ms. Thomas insisted again that Defendant accommodate her disability by honoring her lifting restrictions.

25. Defendant then reassigned Ms. Thomas to work at Pittsburgh Classical Academy.

26. On February 2, 2022, Ms. Thomas reported to work at Pittsburgh Classical Academy.

27. Just three days later, Defendant again reassigned Ms. Thomas and sent her to work at Pittsburgh Brookline PreK-8 School.

28. Ms. Thomas reported there on February 9, 2022.

29. Though Defendant insisted that these relocations were meant to accommodate Ms. Thomas's lifting restriction, neither assignment accommodated Ms. Thomas, as she was still required to lift more than 35 lbs to complete her daily job responsibilities.

30. Debbie Maurice, Ms. Thomas's Manager at Brookline PreK-8 School, was not aware of Ms. Thomas's lifting restrictions until Ms. Thomas reported to work on her first scheduled day at the school.

31. On February 9, 2022, during a phone call with Ms. Walker and Jamar King, Compliance Officer and Ms. Thomas's supervisor at Brookline PreK-8 School, Ms. Thomas again notified Defendant that it failed to accommodate her disability.

32. During this phone call, Ms. Walker said, "Isn't it funny that we have a girl at Beechwood who can do the whole school on her own?"

33. Upon information and belief, the employee who replaced Ms. Thomas at Beechwood Elementary School does not have any lifting restrictions.

34. On February 15, 2022, Ms. Thomas saw Dr. Nishant Gandhi to continue treatment of her disability.

35. During this appointment, Dr. Gandhi informed Ms. Thomas that he felt her disability had worsened due to her continued lifting in excess of her restriction, and he lowered her lifting restriction to 10 lbs.

36. Following Ms. Thomas's reassignment to Brookline PreK-8 School, Ms. Thomas asked Ms. Walker if she could continue physical therapy and return to Manchester School, where Ms. Thomas had been assigned prior to her injury.

37. Upon information and belief, there was a new employee with no lifting restrictions working there, who could serve as Ms. Thomas's assistant.

38. Ms. Walker denied Ms. Thomas's request without providing a reason and then said that she was tired of Ms. Thomas's complaining.

39. On March 1, 2022, and March 15, 2022, Ms. Thomas received steroidal injections at Dr. Gandhi's office to treat the pain caused by her disability.

40. On March 11, 2022, Ms. Walker informed Ms. Thomas via email that Ms. Thomas was again being reassigned to a new school: The Children's Museum of Pittsburgh.

41. In Ms. Walker's email, she implied that this was the easiest school that Defendant could assign Ms. Thomas to because it had the fewest number of students.

42. Being placed in a school with a smaller number of students did not accommodate Ms. Thomas's disability, as Ms. Thomas had to lift over 10 lbs every day.

43. On March 14, 2022, Ms. Thomas was informed that Carolyn Smith, the individual tasked with training and assisting her, was under a 5-lb lifting restriction.

44. Ms. Smith told Ms. Thomas that Ms. Walker was aware of her lifting restriction.

45. Ms. Smith also said that she was moving to a new school the following day, which would leave Ms. Thomas alone once again.

46. Ms. Smith's departure meant that Ms. Thomas would be solely responsible for stocking the refrigerators with the 6 cases of milk delivered weekly.

47. Because the Children's Museum of Pittsburgh does not have a walk-in utility cooler, this meant that Defendant had once again assigned Ms. Thomas to lift more than 10 lbs.

48. On March 15, 2022, Ms. Thomas saw Dr. Gandhi and explained her new work assignment.

49. Once again, Dr. Gandhi told Ms. Thomas that he felt her continued lifting at Defendant's instruction had worsened her condition.

50. Dr. Gandhi also told Ms. Thomas that he felt the duties she was being required to perform were not conducive to her recovery and ordered her off work.

51. Plaintiff remains off of work due to Defendant's actions.

## V.     CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF ADA – FAILURE TO ACCOMMODATE

52.     Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

53.     Defendant failed to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112.

53.     As set forth above, Plaintiff is an individual with a disability because she suffers from an impairment that substantially limits one or more major life activities.

54.     Plaintiff informed Defendant of that disability and requested a reasonable accommodation.

55.     Defendant failed to engage in the interactive process and failed to accommodate Plaintiff's disability, despite the availability of a reasonable accommodation for Plaintiff's disability.

56.     Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

### COUNT II – VIOLATION OF ADA -- RETALIATION

54.     Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

55.     Defendant has intentionally and willfully engaged in a series of unlawful acts in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the ADA, as amended, 42 U.S.C. § 12203.

56. Defendant's decision to not honor Plaintiff's lifting restriction, which led to Plaintiff's further injury and job loss, was induced by its intent to retaliate against Plaintiff for her protected activity.

57. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

### COUNT III – VIOLATION OF ADA – DISABILITY DISCRIMINATION

58. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

59. Defendant has intentionally and willfully engaged in a series of unlawful acts in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.

60. Defendant's decision to not honor Plaintiff's lifting restriction, which led to Plaintiff's further injury and job loss, was induced by its intent discriminate against Plaintiff based on her disability and/or perceived disability.

61. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

### COUNT IV – VIOLATION OF REHAB ACT – DISABILITY DISCRIMINATION

62. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

63. Defendant has intentionally and willfully engaged in a series of unlawful acts in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

64. Defendant's decision to not honor Plaintiff's lifting restriction, which led to Plaintiff's further injury and job loss, was induced by its intent discriminate against Plaintiff based on her disability and/or perceived disability.

65. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

## COUNT V – VIOLATION OF REHAB ACT – RETALIATION

66. Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

67. Defendant intentionally retaliated against Plaintiff, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

68. Defendant's decision to not honor Plaintiff's lifting restriction, which led to Plaintiff's further injury and job loss, was induced by its intent to retaliate against Plaintiff for her protected activity.

69. Plaintiff has been directly harmed as a result of these violations as is fully set forth above.

## COUNT VI – VIOLATION OF REHAB ACT – FAILURE TO ACCOMMODATE

70. Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

71. Defendant failed to accommodate Plaintiff's disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

72. As set forth above, Plaintiff is an individual with a disability because she suffers from an impairment that substantially limits one or more major life activities.

73. Plaintiff informed Defendant of that disability and requested a reasonable accommodation.

9

74. Defendant failed to engage in the interactive process and failed to accommodate Plaintiff's disability, despite the availability of a reasonable accommodation for Plaintiff's disability.

75. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a) Assume jurisdiction herein;

(b) Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c) Award Plaintiff wage loss damages, including back pay, front pay, and lost future earnings, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d) Award Plaintiff compensatory damages;

(e) Award Plaintiff punitive damages under the ADA;

(f) Award Plaintiff pre- and post-judgment interest;

(g) Award Plaintiff costs and attorneys' fees; and

(h) Grant such other relief as the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

/s/ *Nicholas W. Kennedy*

Nicholas W. Kennedy, Esquire
PA ID No. 317386

Quatrini Law Group
550 E. Pittsburgh St.
Greensburg, PA 15601